# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

KENNY RAY MATTHEWS, JR.,

    Plaintiff,

  v.

ALASKA STATE TROOPERS and THE ALASKA DEPARTMENT OF PUBLIC SAFETY,

    Defendants.

Case No. 4:24-cv-00014-JMK

## SCREENING ORDER AND ORDER RE PENDING MOTIONS

On April 16, 2024, self-represented prisoner Kenny Ray Matthews, Jr. ("Plaintiff") filed a civil complaint, a civil cover sheet, and an application to waive prepayment/payment of the filing fee.[1] Then, on June 21, 2024, Plaintiff filed a motion for extended time and a motion to add defendants.[2] Specifically, Plaintiff requests an additional 90 days "to gather documents" and add unknown Alaska State Troopers as Defendants.[3]

Rule 15(a) of the Federal Rules of Civil Procedure governs the process for amending pleadings. A plaintiff may amend a complaint (1) within 21 days after service or within 21 days of a responsive pleading or a motion under Federal Rule

---

[1] Dockets 1-4.

[2] Dockets 6–7.

[3] *Id.*

of Civil Procedure Rules 12(b), (e), or (f); (2) with the opposing party's consent, or (3) with a court's permission.[4] As explained in the Court's order at Docket 4, federal law requires district courts to screen complaints in civil actions in which prisoners seek relief from governmental officers or employees.[5] Defendants are not required to file an answer or other pleading in response to a complaint until the Court has completed its mandatory screening process to determine whether Plaintiff states any cognizable claims. Since no complaint has been ordered served and no defendants have appeared in this action, Plaintiff may choose to file an amended complaint. Therefore, Plaintiff is accorded **90 days** to file an amended complaint in accordance with the guidance herein. An amended complaint replaces the prior complaint in its entirety, so it must be complete in itself without reference to the prior or superseded pleading.[6]

## SCREENING STANDARD

Under the Prison Litigation Reform Act, a federal district court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity, even if the filing fee has been

---

[4] *See* Fed. R. Civ. P. 15(a); *see also* Local Civil Rule 15.1.

[5] 28 U.S.C. §§ 1915, 1915A

[6] *See* Alaska L. Civ. R. 15.1(a) ("amended pleading must not incorporate by reference any prior pleading, including exhibits"); *see also Valadez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011) ("It is well-established that an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (citations omitted).

Case No. 4:24-cv-00014-JMK, *Matthews v. Alaska State Troopers, et al.*
Order re Pending Motions
Page 2 of 13
Case 4:24-cv-00014-JMK   Document 8   Filed 07/01/24   Page 2 of 13

paid.[7] In this screening, a district court shall dismiss the case at any time if the court determines that the action:

> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.[8]

In conducting its screening review, a court must liberally construe a self-represented plaintiff's complaint and give the plaintiff the benefit of the doubt.[9] Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[10] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[11]

---

[7] 28 U.S.C. §§ 1915, 1915A.

[8] 28 U.S.C. § 1915(e)(2)(B).

[9] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[10] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[11] *See Schreiber Distributing Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

Case No. 4:24-cv-00014-JMK, *Matthews v. Alaska State Troopers, et al.*
Order re Pending Motions
Page 3 of 13
Case 4:24-cv-00014-JMK   Document 8   Filed 07/01/24   Page 3 of 13

# DISCUSSION

## I. Requirements to State a Claim

To determine whether a complaint states a valid claim for relief, a district court considers whether the complaint contains enough facts that if accepted as true, "state[s] a claim to relief that is plausible on its face."[12] A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[13] Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[14] While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[15] A complaint is insufficiently pled if it offers "naked assertions devoid of further factual enhancement."[16] A plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that

---

[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001)).

[13] *Ashcroft*, 556 U.S. at 678.

[14] Fed. R. Civ. P. 8(a)(2).

[15] *Ashcroft*, 556 U.S. at 678 (citing *Bell Atlantic Corp.*, 550 U.S. at 555).

[16] *Id.* (internal quotation marks and citation omitted).

Case No. 4:24-cv-00014-JMK, *Matthews v. Alaska State Troopers, et al.*
Order re Pending Motions
Page 4 of 13
Case 4:24-cv-00014-JMK   Document 8   Filed 07/01/24   Page 4 of 13

defendant.[17] Rule 8 requires "simplicity, directness, and clarity," such that a defendant should easily be able to determine "what he is being sued for."[18]

During screening, a district court must accept as true the allegations of the complaint, construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor.[19] However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[20] Further, a court cannot act as counsel for a self-represented litigant, such as by supplying the essential elements of a claim.[21] The Court will nevertheless highlight several deficiencies noted upon review and set forth some legal standards applicable to Section 1983 claims that the Court has identified in the Complaint. However, it is Plaintiff's burden to set forth the legal and factual basis for each claim should Plaintiff elect to file an amended complaint.

### II. Civil Rights Claims under 42 U.S.C. § 1983 ("Section 1983")

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal

---

[17] *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

[18] *McHenry v. Renne,* 84 F.3d 1172, 1178 (9th Cir. 1996)

[19] *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (a court must construe *pro se* pleadings liberally and afford the *pro se* litigant the benefit of any doubt).

[20] *Doe I v. Wal–Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

[21] *Pliler v. Ford,* 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Case No. 4:24-cv-00014-JMK, *Matthews v. Alaska State Troopers, et al.*
Order re Pending Motions
Page 5 of 13
Case 4:24-cv-00014-JMK   Document 8   Filed 07/01/24   Page 5 of 13

statutes.[22] A defendant in a civil rights lawsuit must be a "person."[23] A person acting under the color of state law "'subjects' another to the deprivation of a constitutional right, within the meaning of Section 1983, if the person does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."[24] To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[25] To be deprived of a right, the defendant's action must either violate rights guaranteed by the Constitution or an enforceable right created by federal law.[26] Section 1983 does not confer constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[27]

### A. State and State Agencies are Improper Defendants

Plaintiff names the Alaska State Troopers and the Alaska Department of Public Safety as Defendants. The Eleventh Amendment to the U.S. Constitution gives states sovereign immunity, which prohibits lawsuits against a state or the

---

[22] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[23] 42 U.S.C. § 1983.

[24] *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978).

[25] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[26] *Buckley v. City of Redding*, 66 F. 3d 188, 190 (9th Cir. 1995); *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997).

[27] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

Case No. 4:24-cv-00014-JMK, *Matthews v. Alaska State Troopers, et al.*
Order re Pending Motions
Page 6 of 13
Case 4:24-cv-00014-JMK   Document 8   Filed 07/01/24   Page 6 of 13

"arms of the state" (the State's governmental branches, divisions, offices, and departments), unless the state or agency agrees to waive its immunity.[28] Further, the State of Alaska and state agencies, such as DOC, are not considered "persons" under 42 U.S.C. § 1983.[29] Therefore, Plaintiff cannot maintain a Section 1983 claim in federal court against the State of Alaska or any of its departments or agencies.

### B. Unknown "Doe" Defendants

Although federal courts do not generally favor actions against unknown "Doe" defendants,[30] a plaintiff may sue unnamed defendants when the identity of the alleged defendants is not known before filing the complaint.[31] However, Doe defendants cannot be served with process until he or she is identified by his or her real name.[32] The Court will not investigate the names and identities of unnamed defendants.

---

[28] *Alabama v. Pugh,* 348 U.S. 781 (1978); *In re New York*, 256 U.S. 490, 497 (1921); *see also Hans v. Louisiana*, 134 U.S. 1, 15 (1890).

[29] *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989).

[30] *See Wakefield v. Thompson,* 177 F.3d 1160, 1163 (9th Cir. 1999).

[31] *Gillespie v. Civiletti,* 629 F.2d 637, 642 (9th Cir. 1980).

[32] *See Merritt v. Cty. of Los Angeles,* 875 F.2d 765, 767-68 (9th Cir. 1989); Rutter Grp., Federal Civil Procedure Before Trial, "Substitution of Parties" § 7:377 ("The complaint may be amended to substitute the name of the real defendant when discovered, as long as there is no unreasonable delay.") Then, service must be effected on these defendants. *See also Rose v. Yuba Cnty.,* Case No. 22-cv-00338, 2022 WL 1215265, at *3 (E.D. Cal. 2022) ("[D]ue to the impossibility of serving unknown individuals, the court will not order service on the Doe defendants until plaintiff has identified and filed a motion to substitute named defendants for the Doe defendants.").

Case No. 4:24-cv-00014-JMK, *Matthews v. Alaska State Troopers, et al.*
Order re Pending Motions
Page 7 of 13
Case 4:24-cv-00014-JMK   Document 8   Filed 07/01/24   Page 7 of 13

Since Plaintiff is granted leave to file an amended complaint, he must use the time given to amend to do everything he can to supply the names of the Doe defendants without further assistance from the Court. He may seek extensions of time for the filing of an amended complaint for that purpose if necessary. Alternatively, Plaintiff may use "Doe" defendant designations to refer to defendants whose names are unknown; however, he must number them in the complaint, e.g., 'John Doe 1,' 'John Doe 2,' so that each numbered John Doe refers to a different specific person. If Plaintiff names Doe defendants in any amended complaint he must continue to seek to identify each defendant. Eventually, Plaintiff may be afforded an opportunity for limited, preliminary discovery to identify the names of the John Does "unless it is clear that discovery would not uncover their identities,"[33] and only after the Court is satisfied, he has exhausted every other possibility of finding their names. Once Plaintiff identifies a John Doe, he must file a motion to substitute his or her true name.[34] The Court may dismiss this action without further notice to Plaintiff if Plaintiff fails to timely file a Notice of Substitution identifying at least one of the fictitiously named Defendants—unless Plaintiff seeks and is granted an extension of time.[35]

---

[33] *Gillespie,* 629 F.2d at 642.

[34] *Wakefield,* 177 F.3d at 1163 ("[w]here the identity of the alleged defendant is not known prior to the filing of a complaint, the [incarcerated pro se] plaintiff should be given an opportunity through discovery to identify the unknown defendants.").

[35] *See* Fed. R. Civ. P. 4(m), 10(a), 15(c); *see also Tabi v. Doe*, Case No. EDCV 18-714 DMG(JC), 2019 WL 4013444, at *1 (C.D. Cal. Aug. 26, 2019) (dismissing action against Doe Defendants without prejudice for failure to serve within Rule 4(m)'s 90-day deadline); *Becker v.*

Case No. 4:24-cv-00014-JMK, *Matthews v. Alaska State Troopers, et al.*
Order re Pending Motions
Page 8 of 13
Case 4:24-cv-00014-JMK   Document 8   Filed 07/01/24   Page 8 of 13

### III.  Plaintiff's Motion for Time to Gather Documents

Plaintiff requests additional time "to gather documents." As stated above, Plaintiff is accorded 90 days to file an amended complaint. During that time, he must attempt to identify the unnamed defendants. However, a plaintiff need not file exhibits or evidence to prove his case at the pleading stage. Rather, a complaint need only to allege sufficient factual matter, accepted as true, to state a [plausible] claim for relief.[36] Although the Court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice, the scope of review at the screening generally is limited to the contents of the complaint.[37] The Court need not determine whether a plaintiff will ultimately prevail, but whether he should be afforded an opportunity to proceed to the next stage of litigant and subsequently offer evidence to support his claims.[38] Should any amended complaint proceed beyond the screening stage, the Court will order service, and issue an order setting a schedule for discovery and dispositive motions.

---

*Oregon*, 170 F. Supp. 2d 1061, 1069 (D. Or. 2001) (where plaintiff given ample time to discovery identities of Doe defendants, motion to dismiss Doe defendants granted).

[36] Fed. Rule Civ. Proc. 8(a)(2).

[37] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[38] *See Scheuer,* 416 U.S. at 236 (a district court acts "prematurely" and "erroneously" when it dismisses a well-pleaded complaint, thereby "preclud[ing] any opportunity for the plaintiffs" to establish their case "by subsequent proof").

Case No. 4:24-cv-00014-JMK, *Matthews v. Alaska State Troopers, et al.*
Order re Pending Motions
Page 9 of 13
Case 4:24-cv-00014-JMK   Document 8   Filed 07/01/24   Page 9 of 13

## IV. Filing an Amended Complaint

Plaintiff is accorded **90 days** from the date of this order to file an amended complaint. An amended complaint replaces the prior complaint in its entirety.[39] Any claim not included in the amended complaint will be considered waived. However, an amended complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief."[40] It is not necessary to cite case law, include legal argument, or attach exhibits at this stage of litigation. An amended complaint need only contain sufficient facts that, accepted as true, state a plausible claim for relief. A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct.

Although Plaintiff has been given the opportunity to file an amended complaint, he shall not unjustifiably expand the scope of the case by alleging new unrelated claims.[41] An amended complaint may not include any claims or defendants for which Plaintiff lacks a sufficient legal or factual basis. An amended complaint must set out each claim for relief separately. Each claim should identify (1) the specific injury that the plaintiff is alleging has occurred, (2) when that injury occurred, (3) where that injury was caused, and (4) who the plaintiff is alleging

---

[39] *See* Fed. R. Civ. P. 15; Local Civil Rule 15.1.

[40] Fed. R. Civ. P. 8(a)(2).

[41] *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Case No. 4:24-cv-00014-JMK, *Matthews v. Alaska State Troopers, et al.*
Order re Pending Motions
Page 10 of 13
Case 4:24-cv-00014-JMK   Document 8   Filed 07/01/24   Page 10 of 13

caused that specific injury.

**IT IS THEREFORE ORDERED:**

1. The Complaint at **Docket 1 is DISMISSED**. The Court grants Plaintiff leave to file an amended complaint in accordance with the guidance provided in this order.

2. Plaintiff is accorded **90 days** from the date of this order to file either:

    a. <u>First Amended Complaint</u>, in which Plaintiff restates the claims to address the deficiencies identified in this order. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order; OR

    b. <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end the case.

3. If Plaintiff does not file either an Amended Complaint or Notice of Voluntary Dismissal on the Court form**,** the case may be dismissed under 28 U.S.C. § 1915(e)(2)(B) without further notice to Plaintiff.

**4.** Plaintiff's application to waive prepayment of the filing fee at **Docket 3 is GRANTED.**

5. Plaintiff is advised federal law only allows prisoners to waive prepayment of the fees associated with civil lawsuits. Prisoners must pay the filing fee incrementally until paid in full, regardless of the outcome of the action.[42] Should

---

[42] 28 U.S.C. § 1915(b)(1)&(2).

Case No. 4:24-cv-00014-JMK, *Matthews v. Alaska State Troopers, et al.*
Order re Pending Motions
Page 11 of 13
Case 4:24-cv-00014-JMK   Document 8   Filed 07/01/24   Page 11 of 13

Plaintiff proceed with this lawsuit and sufficiently plead a claim for relief in an amended complaint, the Court will issue a separate order on the collection of the filing fee.

6. If Plaintiff is released while this case remains pending and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) pay the unpaid balance of his filing fee or (2) file a Non-Prisoner Application to Waive the Filing Fee (Form PS11).[43] Failure to comply may result in dismissal of this action.

7. Plaintiff's motions at **Dockets 6–7 are DENIED as moot.**

8. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and all Court orders.[44] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action.

9. Self-represented litigants must be ready to diligently pursue each case to completion. Missing a deadline or otherwise failing to pursue a case may result in the dismissal of the action.

10. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of

---

[43] The Court's template forms are available upon request from the Clerk's office and on the Court's website at https://www.akd.uscourts.gov/forms.

[44] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

Case No. 4:24-cv-00014-JMK, *Matthews v. Alaska State Troopers, et al.*
Order re Pending Motions
Page 12 of 13
Case 4:24-cv-00014-JMK   Document 8   Filed 07/01/24   Page 12 of 13

Address."  The Notice shall contain only information about the change of address, and its effective date.[45]  The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed.  If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice to Plaintiff.

11.     With this order, the Clerk is directed to send: (1) form PS01, with "FIRST AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) form PS09, Notice of Voluntary Dismissal; and (3) form PS23, Notice of Change of Address.

DATED this 1st day of July, 2024, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE

---

[45] *See* Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number.").

Case No. 4:24-cv-00014-JMK, *Matthews v. Alaska State Troopers, et al.*
Order re Pending Motions
Page 13 of 13
Case 4:24-cv-00014-JMK   Document 8   Filed 07/01/24   Page 13 of 13