# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

KENNY RAY MATTHEWS, JR.,

        Plaintiff,

v.

ALASKA STATE TROOPERS and THE ALASKA DEPARTMENT OF PUBLIC SAFETY,

        Defendants.

Case No. 4:24-cv-00014-SLG

## ORDER OF DISMISSAL

On April 16, 2024, self-represented prisoner, Kenny Ray Matthews, Jr. ("Plaintiff") filed a complaint, civil cover sheet, and an application to waive prepayments/payment of the filing fee.[1] On July 1, 2024, the Court screened Plaintiff's case and dismissed Plaintiff's complaint. In the order, the Court provided Plaintiff with 90 days to file either a first amended complaint or a notice of voluntary dismissal. The Court granted Plaintiff's application to waive the prepayment of the filing fee at Docket 3 and denied as moot Plaintiff's motion for extended time and motion to add defendants.[2] Also on July 1, 2024, Plaintiff filed a notice of change of address at Docket 9.

---

[1] Dockets 1–4.

[2] Docket 8.

On July 10, 2024, the Court issued an order reassigning the case to the undersigned judge; the order was mailed to Plaintiff at the address provided at Docket 9.[3] On July 12, July 30, and August 1, 2024, the Court's previously mailed notices regarding Dockets 5, 6, 7 and orders at Dockets 8 and 10, were each returned to the Court as undeliverable at Defendant's updated address.[4] To date, Plaintiff has not otherwise contacted the Court regarding this case.

The Local Civil Rules require parties to provide current contact information to the Court and all parties.[5] The Court may dismiss an action for failure to comply with a local rule[6] or failure to comply with any order of the Court.[7] Before dismissing a complaint for failure to comply with an order or local rule, courts in the Ninth Circuit must consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[8] Though not strictly

---

[3] Docket 10, 12.

[4] Dockets 11–13.

[5] *See* Local Civil Rules 11.1(b)(2) (requiring self-represented parties must keep the court and other parties advised of the party's current address and telephone number") and 11.1(b)(3) (allowing the Court to dismiss a case when a self-represented party fails to update their address and any orders or other mail is returned as undeliverable).

[6] *Thompson v. Housing Auth. of L.A.,* 782 F.2d 829, 831 (9th Cir. 1986).

[7] Federal Rule of Civil Procedure 41(b). *See also Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).

[8] *See Ferdik,* 963 F.2d at 1260–61 (first citing *Thompson v. Housing Auth. of L.A.,* 782 F.2d 829, 831 (9th Cir. 1986); and then citing *Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir. 1986)).

Case No. 4:24-cv-00014-SLG, *Matthews v. Alaska State Troopers, et al.*
Order of Dismissal
Page 2 of 3

required, it is "preferred" that a court "make explicit findings in order to show that it has considered these factors."[9]

Having considered these factors, this case must be dismissed. Dismissal without prejudice "minimizes prejudice to a defendant and preserves a plaintiff's ability to seek relief."[10] The Court finds no other lesser sanction to be satisfactory or effective in this case.[11]

**IT IS THEREFORE ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. All pending motions are **DENIED AS MOOT.**

3. The Clerk of Court shall issue a final judgment.

DATED this 9th day of October 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

[9] *Id.*

[10] *Alli v. City and County of San Francisco*, 2022 WL 3099222 (N.D. Cal. 2022) (internal citations omitted).

[11] *See, e.g., Henderson,* 779 F.2d at 1424 (a district court need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives) (internal citation omitted); *Gleason v. World Sav. Bank, FSB*, 2013 WL 3927799, at *2 (N.D. Cal. 2013) (finding dismissal under Rule 41(b) appropriate where the court previously attempted the lesser sanction of issuing an order to show cause and giving the plaintiff an additional opportunity to re-plead).

Case No. 4:24-cv-00014-SLG, *Matthews v. Alaska State Troopers, et al.*
Order of Dismissal
Page 3 of 3
Case 4:24-cv-00014-SLG   Document 14   Filed 10/09/24   Page 3 of 3